IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY L. TILLMAN a/k/a NAZIR EL, | § § § | No. 250, 2018 |
| Defendant Below-Appellant, | § § § § | |
| v. | § § | Court Below: Superior Court of the State of Delaware |
| US BANK NATIONAL ASSOCIATION, | § § § | C.A. No. N17L-07-057 |
| Plaintiff Below-Appellee. | § § | |

Submitted: June 18, 2018
Decided: July 25, 2018
Corrected: August 10, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

### O R D E R

Upon consideration of the rule to show cause, the appellant's response, and the record on appeal, it appears to the Court that:

(1) The appellant, Anthony L. Tillman, filed this appeal from an order of the Superior Court, docketed April 25, 2018, denying his motion to set aside a Sheriff's sale because the motion had no factual or legal basis.

(2) Along with his notice of appeal, Tillman also filed an "Affidavit of Financial Statement," apparently seeking to proceed *in forma pauperis* (IFP). The Senior Court Clerk wrote to Tillman on May 9, 2018 and directed

him to file a motion to proceed IFP in compliance with Supreme Court Rule 20(h) or else pay the filing fee by May 24, 2018. Tillman did not file his motion or pay the filing fee as instructed in the Clerk's letter. Accordingly, on May 29, 2018, the Clerk issued a notice to Tillman to show cause why his appeal should not be dismissed for his failure to prosecute.

(3) Tillman filed a response to the notice to show cause on June 18, 2018. While it is not entirely clear, Tillman appears to contend that the Court's official IFP form only applies to corporations and that the Court cannot legally compel him to file the required form or inquire into his financial status.

(4) We reject Tillman's argument. Permission to proceed as a pauper without prepayment of the filing in a civil matter is a matter of privilege, not a right.[1] Neither Rule 20, Official Form Q nor 10 *Del. C.* ch. 88 bars an indigent person access to courts in Delaware or otherwise violates any person's constitutional rights.[2] We find no merit to Tillman's argument that it is illegal for the Court to inquire into his financial status in order to determine his ability to pay a fee.

---

[1] *See Walls v. Phelps*, 2014 WL 279472, *2 (Del. Jan. 23, 2014) (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001)).
[2] *Id.*

(5)     Under the circumstances, we dismiss this appeal for Tillman's failure to prosecute it diligently by refusing to comply with the Court's May 9, 2018 directive to file an IFP motion in compliance with the Court's rules or else pay the filing fee.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

3